# FAIRFAX CIRCUIT COURT
# CIVIL CASE COVERSHEET

**Parties:**

| Plaintiffs | Defendants |
|---|---|
| 1. GAZAL LOGISTICS AND WAREHOUSING COMPANY | 1. ANHAM FZCO, LLC |
| 2. | 2. ANHAM USA, Inc |
| 3. | 3. |

*Plaintiff proceeding without Counsel – Address and Daytime Phone Number required on Complaint

**Plaintiff Attorney:**

Name: Douglas L. Patin   Bar ID: 20324
Firm: Bradley Arant Boult Cummings LLP
Street: 1615 L Street, NW, Suite 1350
City: Washington   State: D.C.   Zip: 20036
Phone Number: 202-719-8241   Fax Number: 202-719-8341
E-mail Address: dpatin@babc.com

**Nature of Complaint (Check only one)**   * Cases in the Civil Tracking Program

| | | |
|---|---|---|
| Administrative Appeal | Defamation * | Malpractice – Medical * |
| Affirmation of Marriage | Delinquent Taxes * | Mechanics/Vendors Lien * |
| Aid & Guidance | Eminent Domain | Partition * |
| Appeal Decision of Board of Zoning | Encumber/Sell Real Estate | Personal Injury – Assault * |
| Appeal of Process/Judicial Appeal | Erroneous Assessments | Personal Injury – Auto * |
| Appointment Church/Organization Trustees | Expungement | Personal Injury – Emotional * |
| Arbitration | False Arrest/Imprisonment* | Personal Injury – Premises Liability* |
| Attachment | Fiduciary/Estate Complaint | Property Damage* |
| Complaint – Equity * | Garnishment–Federal–180 days | Products Liability* |
| Complaint – Legal Cause of Action * | Garnishment–Wage–180 days | Quiet Title * |
| Compromise Settlement | Garnishment–Other – 90 days | Real Estate * |
| Condemnation* | Guardian/Conservator Adult | Restoration of Driving Privilege |
| Confession of Judgment | Guardianship/Minor | Vital Record Correction |
| Construction * | Injunction | Writ Habeas Corpus |
| ✓ Contract * | Interpleader | Writ Mandamus |
| Conversion* | Insurance * | Wrongful Death* |
| Court Satisfaction of Judgment | Judicial Review | Wrongful Discharge * |
| Declare Death | Malicious Prosecution * | OTHER: |
| Declaratory Judgment * | Malpractice – Legal * | |

Damages in the amount of $ 407,137.00   are claimed.

Requested Service: Sheriff ☐  Private Process Server ☒  DMV ☐  Secretary of Commonwealth ☐  State Corporation Commission ☐  Publication ☐  No Service at this time ☐

CCR D-90 Civil Coversheet (Revised – October 2011)

EXHIBIT 3

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA

| | |
|---|---|
| GAZAL LOGISTICS AND )<br>WAREHOUSING COMPANY )<br>Kuwait Free Trade Zone )<br>Office # 1, Shuwaikh Port - Main Gate - Bldg. 1, 2 )<br>Shuwaikh Port, Kuwait )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANHAM FZCO, LLC )<br>Dubai Airport Free Zone )<br>East Wing, Building 4A, Suite No. 608 )<br>P.O. Box 231082 )<br>Dubai, United Arab Emirates )<br>)<br>SERVE: )<br>David Braus )<br>1600 Tysons Boulevard, 6th Floor )<br>McLean, VA 22102 )<br>)<br>and )<br>)<br>ANHAM USA, Inc. )<br>1600 Tysons Boulevard, 6th Floor )<br>McLean, VA 22102 )<br>)<br>SERVE: )<br>David Braus )<br>1600 Tysons Boulevard, 6th Floor )<br>McLean, VA 22102 )<br>)<br>    Defendants. )<br>_____ ) | Civil Action No. CL-2014-0003776 |

## COMPLAINT

Gazal Logistics and Warehousing Company ("Gazal"), by counsel, for its complaint against Anham FZCO, LLC ("Anham FZCO") and Anham USA, Inc ("Anham USA"), states as follows:

## NATURE OF THE ACTION

1. This is a collection action for breach of contract and related relief brought by a provider of maintenance services arising out of a subcontract for the provision of such services. Gazal seeks damages for Anham FZCO's failure to pay Gazal all amounts due under the subcontract.

## THE PARTIES

2. Plaintiff, Gazal, is a corporation organized and existing under the laws of Kuwait, with its principal place of business in Kuwait. Gazal is a citizen of Kuwait.

3. Defendant, Anham FZCO, is a limited liability company organized and existing under the laws of Dubai, United Arab Emirates, with its principal place of business in Dubai, United Arab Emirates. Anham FZCO is a citizen of Dubai, United Arab Emirates.

4. Defendant, Anham USA, Inc. is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in the Commonwealth of Virginia. Anham USA is a citizen of the Commonwealth of Virginia.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to Va. Code § 17.1-513

6. This Court has personal jurisdiction over Anham FZCO pursuant to Va. Code §§ 8.01-328.1(C) and 8.01-301(1) because Gazal will serve Anham USA, Anham FZCO's affiliate, alter ego, and agent in the Commonwealth of Virginia. Anham USA is the affiliate, alter ego, and agent of Anham FZCO because Anham USA and Anham FZCO do not maintain distinct corporate identities. Anham FZCO does business in the United States under the name Anham USA.

7. Alternatively, personal jurisdiction over Anham FZCO is proper pursuant to Va. Code § 8.01-328.1 because Anham FZCO is either transacting business or contracting to supply services or things in the Commonwealth of Virginia through its ongoing relationship with Anham USA whereby Anham USA provides Anham FZCO with a business connection to the U.S. Government and American non-governmental and business organizations.

8. This Court has personal jurisdiction over Anham USA pursuant to Va. Code §§ 8.01-328.1 because Anham USA is either transacting business or contracting to supply services or things in the Commonwealth of Virginia.

9. Venue is proper pursuant to Va. Code § 8.01-262 because Anham FZCO's agent resides within this county and because both Anham FZCO and Anham USA regularly conduct substantial business activity within this county.

10. The subcontract at issue has a forum selection clause identifying Kuwait as the dispute resolution forum and a choice of law provision identifying the laws of Kuwait as the governing law. These provisions are not enforceable because they are unfair, unreasonable, and would effectively deprive Gazal of its day in court and of its remedy. It would be against public policy to enforce these provisions because the subcontract at issue relates to a U.S. federal government contract and will necessarily involve questions of federal government procurement law.

## FACTUAL ALLEGATIONS

11. Anham FZCO entered into a U.S. federal government contract with the Defense Logistics Agency ("DLA") to supply a full service food line in Kuwait, Iraq, and Jordan.

12. Anham FZCO's contract with the U.S. government is a "fixed price/fixed price with prospective price redetermination contract."

3

13. Anham FZCO's contract with the U.S. government states that "[i]nvoices will be handled in accordance with the Prompt Payment Act (31 U.S.C. 3903) and Office of Management and Budget (OMB) prompt payment regulations at 5 CFR part 1315."

14. The Prompt Payment Act states: "A payment request may not be approved under ... this section unless the application for such payment includes...a certification by the prime contractor, to the best of the contractor's knowledge and belief, that... payments to subcontractors and suppliers have been made from previous payments received under the contract, and timely payments will be made from the proceeds of the payment covered by the certification, in accordance with their subcontract agreements and the requirements of this chapter; and the application does not include any amounts which the prime contractor intends to withhold or retain from a subcontractor or supplier in accordance with the terms and conditions of their subcontract." 31 U.S.C. § 3903(b)(1)(B).

15. On August 2, 2010, Gazal and Anham FZCO subcontracted via the Maintenance Services Agreement (the "Agreement"), whereby Gazal agreed to provide Anham FZCO with the maintenance services and facilities necessary under Anham FZCO's contract with DLA.

16. The Agreement was for an initial period of eighteen months, beginning August 15, 2010, with the possibility of extending for four option periods.

17. Gazal agreed to perform and did perform the services required by the Agreement, including preventative and corrective maintenance on tractor heads, reefer units, and flat beds used by Anham FZCO.

18. Gazal and Anham agreed to the submittal of invoices and payment as follows:

2.2 <u>Invoices and Payment.</u> As soon as practicable after the first day of each month, Contractor shall prepare and submit to Client an invoice (each, an "Invoice") for the Fees due and payable to Client.

>Client shall pay to Contractor all amounts shown on each Invoices within Thirty days (30) after Client's receipt of the Invoice.

Agreement, Section 2.2

19. Gazal prepared and submitted invoices to Anham FZCO as required by the Agreement.

20. Gazal submitted an invoice to Anham FZCO for its services from November 2010 to March 2011, attached hereto as <u>Exhibit 1</u>, on April 30, 2011.

21. Anham FZCO failed to pay Gazal for the services it performed pursuant to the Agreement and invoiced to Anham FZCO on April 30, 2011. Anham FZCO currently owes Gazal $407,137, plus interest.

22. Gazal has performed all the terms and conditions required of it under the Agreement to commence this action.

23. Anham FZCO breached the Agreement by failing to pay the amounts owed for the maintenance services provided by Gazal pursuant to the Agreement. Anham FZCO violated federal procurement law, including the Prompt Payment Act, by not paying Gazal after receiving payment from the U.S. Government for the services Gazal provided.

24. As a consequence of Anham FZCO's breach of the Agreement and violation of federal procurement law, Gazal has suffered damages in the amount of $407,137.

25. Anham USA is the affiliate, alter ego, and agent of Anham FZCO; Anham USA is therefore liable for Anham FZCO's contractual obligations.

26. Under applicable law, Gazal is entitled to an award of interest against Anham FZCO and its affiliate and alter ego, Anham USA.

## PRAYER FOR RELIEF

**WHEREFORE**, Gazal demands this judgment be entered against Anham FZCO and Anham USA jointly and severally under the Agreement in the amount of $407,137, together with interest and costs, and such further relief as the Court deems just and appropriate.

March 18, 2014

Respectfully submitted,

Douglas L. Patin, Esq. (VA Bar # 20324)
Thomas R. Lynch, Esq. (VA Bar # 73158)
Email: dpatin@babc.com
Email: tlynch@babc.com
Bradley Arant Boult Cummings LLP
1615 L Street, NW, Suite 1350
Washington, D.C. 20036
Telephone:   202-719-8241
Facsimile:    202-719-8341
*Counsel for Gazal Logistics and Warehousing Company*